Bernard F. King III, SBN 232518
**LAW OFFICES OF BERNARD F. KING III, APC**
4747 Executive Drive, Suite 700
San Diego, California 92121
Telephone: (858) 737-3046
Facsimile: (858) 746-4045
E-mail: bking@bernardkinglaw.com

Attorney for Plaintiff Vincent Valletta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT VALLETTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND SOLID WASTE SERVICES, INC., a California corporation, DIAMOND ENVIRONMENTAL SERVICES, LLC, a California limited liability company, DIAMOND ENVIRONMENTAL SERVICES, L.P., a California limited partnership, ARIE E. DE JONG III, an individual, SILVA DE JONG, an individual, ERIC DE JONG, an individual, and DOES 1 through 100,<br><br>Defendants. | CASE NO: **'13CV2423 BEN NLS**<br><br>COMPLAINT FOR<br>(1) VIOLATION OF FMLA<br>(2) VIOLATION OF CMRA<br>(3) VIOLATION OF CMRA (Retaliation)<br>(4) VIOLATION OF FEHA (Age Discrimination)<br>(5) VIOLATION OF FEHA (Disability Discrimination)<br>(6) VIOLATION OF FEHA (Failure to provide reasonable accommodation)<br>(7) VIOLATION OF FEHA (Failure to engage in the interactive process)<br>(8) FAILURE TO PAY OVERTIME WAGES<br>(9) WAITING-TIME PENALTIES<br>(10) UNFAIR BUSINESS PRACTICES<br><br>**JURY TRIAL DEMANDED** |

////

1.     Plaintiff Vincent Valletta brings this complaint against defendants Diamond Solid Waste Services, Inc., Diamond Environmental Services, LLC, Diamond Environmental Services, L.P., Arie E. de Jong III, Silva de Jong, Eric de Jong, and DOES 1 through 100.

## JURISDICTION AND VENUE

2.     The court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 on Plaintiff's federal claims. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise out of the same transactions.

3.     Venue is proper in this court is the acts complained of occurred in the County of San Diego, defendants do business in the County of San Diego, Plaintiff resides in the County of San Diego, and Plaintiff has been damaged in excess of the jurisdictional amount of this court.

## THE PARTIES

4.     Plaintiff Vincent Valletta is an individual residing in the County of San Diego, California.

5.     Defendant Diamond Solid Waste Services, Inc., is a California corporation doing business in the County of San Diego, California under the fictitious business name "Diamond Environmental Services."

6.     Defendant Diamond Environmental Services, LLC, is a California Limited Liability Company doing business in the County of San Diego, California.

7.     Defendant Diamond Environmental Services, L.P., is a California Limited Partnership doing business in the County of San Diego, California.

8.     Defendant Arie E. de Jong III is an individual residing and/or doing business in the County of San Diego, California under the fictitious business name "Diamond Environmental Services."

9.     Defendant Silva de Jong is an individual residing and/or doing business in the County of San Diego, California under the fictitious business name "Diamond Environmental Services."

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

10. Defendant Eric de Jong is an individual residing and/or doing business in the County of San Diego, California.

11. Plaintiff began working as an employee of Diamond Environmental Services, LLC, in 2008. Plaintiff is informed and believes that in or around 2010, Diamond Environmental Services, LLC, converted out from a California limited liability company to other successor entities or individuals.

12. Plaintiff is informed and believes that Diamond Environmental Services, L.P. is a successor entity to Diamond Environmental Services, LLC, and that the same business operated under Diamond Environmental Services, LLC continues to operate under Diamond Environmental Services, L.P using the same name, i.e. "Diamond Environmental Services," using the same assets, the same employees, and the same goodwill as before. Accordingly, Diamond Environmental Services, L.P. is liable as the successor entity to Diamond Environmental Services, LLC, for any obligations the "Diamond Environmental Services" business incurred under Diamond Environmental Services, LLC, and vice versa.

13. Plaintiff is informed and believes that Diamond Solid Waste Services, Inc., is a successor entity to Diamond Environmental Services, LLC, and that the same business operated under Diamond Environmental Services, LLC continues to operate under Diamond Solid Waste Services, Inc., using the same name, i.e. "Diamond Environmental Services," using the same assets, the same employees, and the same goodwill as before. Accordingly, Diamond Solid Waste Services, Inc. is liable as the successor entity to Diamond Environmental Services, LLC, for any obligations the "Diamond Environmental Services" business incurred under Diamond Environmental Services, LLC, and vice versa.

14. Plaintiff is informed and believes that defendants Arie E. de Jong III, Silva de Jong and Eric de Jong are individual successors to Diamond Environmental Services, LLC, and that they continue to own and operate the same businesses operated under Diamond Environmental Services, LLC using the same name, i.e. "Diamond Environmental Services," using the same assets, the same employees, and the same goodwill as before. Accordingly, defendants Arie E. de Jong III, Silva de Jong, and Eric de Jong are liable as the successors to

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

Diamond Environmental Services, LLC, for any obligations the "Diamond Environmental Services" business incurred under Diamond Environmental Services, LLC, and vice versa.

15. Unless otherwise stated, defendants Diamond Solid Waste Services, Inc., Diamond Environmental Services, LLC, Diamond Environmental Services, L.P., Arie E. de Jong III, Silva de Jong, and Eric de Jong are collectively referred to in this complaint as "DIAMOND."

16. The true names, whether corporate, individual or otherwise of defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff who, therefore, sues these defendants by fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when they have been ascertained.

17. Plaintiff is informed and believes that DOES 1 through 100 include individuals, corporations or other forms of business entities that worked in concert with or at the direction of other defendants to violate the employment laws alleged herein. Plaintiff does not know the identity of DOES 1 through 100, but upon ascertaining the identity or identities of these individuals or business entities, Plaintiff will seek leave to amend this complaint to identify more specifically DOES 1 through 100.

18. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of the defendants, whether named or fictitious, was the agent, employee and/or alter ego of each of the other defendants with respect to some or all of the actions taken, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratify the acts of the other.

## GENERAL ALLEGATIONS

19. Plaintiff was hired to work for DIAMOND on or about November 14, 2008.

20. Plaintiff was hired to work for DIAMOND as a sales representative for "roll-offs." A "roll-off" is a rectangular, open-top dumpster that has wheels which allow it to be rolled into place. These dumpsters are designed to be transported to and from the project site by special "roll-off" trucks. "Roll-offs" are commonly used to contain loads waste or debris generated in construction and demolition projects.

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

4

21. Plaintiff has over 25 years experience selling "roll-offs" to contractors and builders in San Diego County.

22. Before he was hired, DIAMOND's owner, defendant Eric de Jong, was looking for a new salesman to revive DIAMOND's deteriorating "roll-off" business. De Jong specifically approached Plaintiff and negotiated the terms of his employment. De Jong promised Plaintiff that he would be employed with DIAMOND "roll-offs" division at a salary of $2000 per week

23. When Plaintiff started he was officially "scheduled" to work from 8:00 a.m. to 3:00 p.m. Monday through Thursday. Plaintiff did not work on commission. Instead, he was paid salary equal to $2000 per week ($500 per day). Despite his "scheduled" hours, DIAMOND required that he carry a company cell phone and be available to answer calls between 6:00 a.m. and 9:00 p.m. Monday through Friday.

24. Starting on June 1, 2010, Plaintiff's "scheduled" workweek continued to include 8:00 a.m. through 3:00 p.m. Monday through Thursday, but Plaintiff was now "scheduled" to work from 8:00 a.m. to 12:00 p.m. on Friday. Because this added one half day to his "scheduled" workweek, Plaintiff's salary increased to $2250 per week. As before, DIAMOND still required that he carry a company cell phone and be available to answer calls between 6:00 a.m. and 9:00 p.m. Monday through Friday.

25. Consequently, during his employment at DIAMOND, Plaintiff worked substantial overtime hours in excess of 40 hours a week for which he was paid no compensation.

26. In or around March 2011, Plaintiff started to suffer from severe stress and anxiety. Plaintiff visited his doctor and he was prescribed medication for his condition.

27. On May 28, 2011, Plaintiff's wife died. This caused Plaintiffs condition to get dramatically worse and in addition to the stress and anxiety, Plaintiff started to suffer from severe depression, anxiety and insomnia. Plaintiff also battled chronic lower back pain, effusion of the knee, and at one point in 2011, pneumonia.

//////

28. From June to August following his wife's death, Plaintiff needed to take time off for medical leave because of the physical and emotional disabilities he suffered, namely, major depression, anxiety and insomnia. On each occasion, he notified DIAMOND of his medical condition and took the appropriate unpaid medical leave.

29. Plaintiff's disabilities grew even worse and he set up an appointment to see his doctor in September 2011. Around the same time, defendant Eric de Jong's brother-in-law (who had also recently battled depression) recommended that Plaintiff try a new antidepressant and take some time off work to recover. On or about September 19, 2011, Plaintiff's doctor prescribed a new medication for Plaintiff's depression and advised him to take a few weeks off from work.

30. Plaintiff notified DIAMOND of his new medication, his worsening condition, and his request to take time off from work beginning on September 26, 2011. After one week of leave, Plaintiff was still not capable of returning to work and he called his supervisor who then gave him additional time for medical leave.

31. After his medical leave was up, Plaintiff returned to work at DIAMOND. However, instead of resuming work at his position, Eric de Jong informed him that he was fired because his position had been eliminated due to "downsizing…reduction of workforce."

32. At the time that he was fired, Plaintiff was 57 years old. Thereafter, DIAMOND replaced Plaintiff with an employee younger than 40 years old, who Plaintiff had helped train prior to his need for medical leave.

**FIRST CAUSE OF ACTION**

Against all defendants and DOES 1 through 100

(Violation of 29 U.S.C. §§ 2601, et seq. – Failure to comply with the FMLA)

33. Plaintiff incorporates the allegations set forth in paragraphs 1 through 32 as if set forth in full herein.

34. At all relevant times, Plaintiff was an "eligible employee" under 29 U.S.C. § 2611(2), because he was employed for at least 12 months by DIAMOND, and for at least 1,250 hours of service with DIAMOND during the previous 12 month period.

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

6

35. DIAMOND operates in an industry affecting commerce, i.e. waste disposal, environmental services, etc., and regularly employs fifty (50) or more persons.

36. Pursuant to 29 U.S.C. § 2612, eligible employees are entitled to take 12 weeks of unpaid leave on account of a serious health condition that makes the employee unable to perform the essential functions of the position.

37. On September 26, 2011, Plaintiff invoked his rights under the FMLA and advised DIAMOND that he needed to take medical leave on account of a serious health condition, namely his major depression and anxiety disorder.

38. Pursuant to 29 U.S.C. § 2614(a), an eligible employee who takes FMLA leave shall be entitled, on return from such leave (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

39. Plaintiff returned to work on or about October 10, 2011, after approximately two weeks of medical leave.

40. Upon Plaintiff's return from medical leave, DIAMOND willfully and maliciously violated the FMLA, by failing to restore Plaintiff to either his position of employment held when the leave commenced, or an equivalent position, and by retaliating against Plaintiff, i.e. discharging him, for exercising his rights under the FMLA.

41. As a result of these unlawful employment practices, Plaintiff was damaged in an amount subject to proof at trial.

**SECOND CAUSE OF ACTION**

Against all defendants and DOES 1 through 100

(Violation of Cal. Govt. Code, § 12945.2, subd. (a) – Violation of the CMRA)

42. Plaintiff incorporates the allegations set forth in paragraphs 1 through 41 as if set forth in full herein.

43. At all relevant times, Plaintiff was an "eligible employee" because he was employed for at least 12 months by DIAMOND, and for at least 1,250 hours of service with

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

7

1  DIAMOND during the previous 12-month period.

2      44.    At all relevant times, DIAMOND directly employed 50 or more persons to
3  perform services for a wage or salary.

4      45.    Pursuant to California Government code section 12945.2, subdivision (a), it is
5  unlawful for an employer to refuse to grant a request by an eligible employee for up to 12
6  workweeks of medical leave.  Medical leave is not properly granted unless the employer
7  provides the employee, upon granting the leave request, a guarantee of employment in the
8  same or comparable position upon the termination of the leave.

9      46.    On September 26, 2011, Plaintiff requested medical leave on account of his
10  clinical depression.  DIAMOND violated section 12945.2 because at the time it granted
11  Plaintiff's request, it did not provide Plaintiff a guarantee of employment in the same or
12  comparable position upon the termination of the leave.

13      47.    DIAMOND further violated the CMRA when it refused to restore Plaintiff to
14  the same or comparable position upon the termination of his medical leave.

15      48.    Plaintiff filed an administrative charge with the California Department of Fair
16  Employment and Housing (DFEH) pursuant to Section 12960 of the Government Code on or
17  about March 2012, substantially alleging the acts and conduct as herein above described.
18  DFEH issued a "Right to Sue" notice on or about September 25, 2013.  A true and correct copy
19  of the DFEH right to sue letter is attached to this complaint as Exhibit 1.

20      49.    As a result of these unlawful employment practices, Plaintiff was damaged in an
21  amount subject to proof at trial.

22  <center>**THIRD CAUSE OF ACTION**</center>
23  <center>Against all defendants and DOES 1 through 100</center>
24  <center>(Violation of Cal. Govt. Code, § 12945.2, subd. (l) – Unlawful Retaliation)</center>

25      50.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 49 as if
26  set forth in full herein.

27      51.    At all relevant times, Plaintiff was an "eligible employee" because he was
28  employed for at least 12 months by DIAMOND, and for at least 1,250 hours of service with

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

<center>8</center>

DIAMOND during the previous 12-month period.

52. At all relevant times, DIAMOND directly employed 50 or more persons to perform services for a wage or salary.

53. Pursuant to California Government code section 12945.2, subdivision (l), it is unlawful for an employer to refuse to hire, or to discharge, find, suspend, expel, or discriminate against any individual because he or she exercised the right to medical leave provided by subdivision (a).

54. DIAMOND violated section 12945.2, subdivision (l), by discharging Plaintiff because he exercised his rights to medical leave under subdivision (a).

55. Plaintiff filed an administrative charge with the California Department of Fair Employment and Housing (DFEH) pursuant to Section 12960 of the Government Code on or about March 2012, substantially alleging the acts and conduct as herein above described. DFEH issued a "Right to Sue" notice on or about September 25, 2013.  A true and correct copy of the DFEH right to sue letter is attached to this complaint as Exhibit 1.

56. As a result of these unlawful employment practices, Plaintiff was damaged in an amount subject to proof at trial.

### FOURTH CAUSE OF ACTION

Against all defendants and DOES 1 through 100

(Violation of Cal. Govt. Code, §§ 12940, subd. (a), 12941 & 12942 – Age Discrimination)

57. Plaintiff incorporates the allegations set forth in paragraphs 1 through 56 as if set forth in full herein.

58. At all relevant times, DIAMOND was an "employer" under Government Code section 12926, subdivision d, because DIAMOND regularly employs five (5) or more persons, or acts as an agent of an employer, directly or indirectly.

59. Pursuant to Government Code section 12940, subdivision (a), DIAMOND is prohibited from discriminating against employees (like Plaintiff) on account an employee's age.

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

9

60. DIAMOND has breached this duty and has taken adverse employment action against Plaintiff, including specifically terminating his employment, because of Plaintiff's age. There is a reasonable inference of age discrimination because:

    a) At the time Plaintiff's employment was terminated, he was 40 years of age or older;

    b) An adverse employment action was taken against Plaintiff when his employment was terminated;

    c) At the time of Plaintiff's termination, he was satisfactorily performing his job; and

    d) A significantly younger person replaced Plaintiff in his position, or persons significantly younger were retained in similar positions, reassigned to positions for which Plaintiff was also qualified, or otherwise treated more favorably.

61. Plaintiff filed an administrative charge with the California Department of Fair Employment and Housing (DFEH) pursuant to Section 12960 of the Government Code on or about March 2012, substantially alleging the acts and conduct as herein above described. DFEH issued a "Right to Sue" notice on or about September 25, 2013. A true and correct copy of the DFEH right to sue letter is attached to this complaint as Exhibit 1.

62. As a result of these unlawful employment practices, Plaintiff was damaged in an amount subject to proof at trial.

## FIFTH CAUSE OF ACTION

Against all defendants and DOES 1 through 100

(Violation of Cal. Cal. Govt. Code, §§ 12940, et seq. – Disability Discrimination)

63. Plaintiff incorporates the allegations set forth in paragraphs 1 through 62 as if set forth in full herein.

64. At all relevant times, DIAMOND was an "employer" under Government Code section 12926, subdivision d, because DIAMOND regularly employs five (5) or more persons, or acts as an agent of an employer, directly or indirectly.

65. At all relevant times, Government Code sections 12940, et seq., were in full force and effect and were binding on DIAMOND. These sections require DIAMOND, to refrain from discriminating against a disabled employee who is fully qualified and able to

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

10

perform the functions of an employment position.

66. At all relevant times, Plaintiff had a physical or mental disability or medical condition, and was qualified to perform the duties of an employment position with DIAMOND (with or without reasonable accommodation).

67. Plaintiff was subjected to an adverse employment action by DIAMOND because of his physical or mental disability or medical condition. Said acts and conduct of DIAMOND, as have been more fully set forth above, were in part, on the basis of Plaintiff's disability or, on account of the fact that Plaintiff was regarded as disabled, or on account of the fact that Plaintiff has a record of a disability. Said conduct thus constituted violations of Government Code, § 12940, et seq.

68. Plaintiff filed an administrative charge with the California Department of Fair Employment and Housing (DFEH) pursuant to Section 12960 of the Government Code on or about March 2012, substantially alleging the acts and conduct as herein above described. DFEH issued a "Right to Sue" notice on or about September 25, 2013.  A true and correct copy of the DFEH right to sue letter is attached to this complaint as Exhibit 1.

69. As a result of these unlawful employment practices, Plaintiff was damaged in an amount subject to proof at trial.

**SIXTH CAUSE OF ACTION**

Against all defendants and DOES 1 through 100

(Violation of Cal. Govt. Code, § 12940, subd. (m) - Failure To Make Reasonable Accommodations)

70. Plaintiff incorporates the allegations set forth in paragraphs 1 through 69 as if set forth in full herein.

71. At all relevant times, DIAMOND was an "employer" under Government Code section 12926, subdivision d, because DIAMOND regularly employs five (5) or more persons, or acts as an agent of an employer, directly or indirectly.

72. Pursuant to Government Code section 12940, subdivision (m), DIAMOND had a continuing mandatory duty upon to make reasonable accommodations for the known physical

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

or mental disability or medical condition of an employee so as to allow a disabled employee to continue or resume working. "Reasonable accommodations" may, but do not necessarily include, making existing facilities readily accessible to and usable by the disabled employee, job restructuring (i.e. schedules and responsibilities), reassignment to a vacant position, part-time or modified work schedules, modification of equipment and training policies, as well as extended medical leave. (Cal. Govt. Code, §12926, subd. (n); 2 Cal. Code Regs., §7293.9(a).)

73. DIAMOND has violated these subsections by continually failing to provide a reasonable accommodation for Plaintiff.

74. Plaintiff filed an administrative charge with the California Department of Fair Employment and Housing (DFEH) pursuant to Section 12960 of the Government Code on or about March 2012, substantially alleging the acts and conduct as herein above described. DFEH issued a "Right to Sue" notice on or about September 25, 2013. A true and correct copy of the DFEH right to sue letter is attached to this complaint as Exhibit 1.

75. As a result of these unlawful employment practices, Plaintiff was damaged in an amount subject to proof at trial.

## SEVENTH CAUSE OF ACTION

Against all defendants and DOES 1 through 100

(Violation of Cal. Govt. Code, §§ 12940, subd. (n) - Failure To Engage In The Interactive Process)

76. Plaintiff incorporates the allegations set forth in paragraphs 1 through 75 as if set forth in full herein.

77. At all relevant times, DIAMOND was an "employer" under Government Code section 12926, subdivision (d), because DIAMOND regularly employs five (5) or more persons, or acts as an agent of an employer, directly or indirectly.

78. Pursuant to Government Code, section 12940, subdivision (n), DIAMOND had a continuing mandatory duty to timely engage in a good faith, interactive process to determine effective reasonable accommodations for an employee who has a known disability.

/ / / / /

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

79. Here, DIAMOND had a duty to initiate an interactive process with Plaintiff for either or both of the following reasons:

    (1) DIAMOND knew of Plaintiff's physical or mental disability or medical condition, and Plaintiff requested reasonable accommodations for his physical or mental disability or medical condition (Cal. Code Regs., tit. 2, § 7294.0, subd. (b).), or

    (2) Through a third party or by observation, DIAMOND otherwise became aware of Plaintiff's physical or mental disability or medical condition, and the need for an accommodation (Cal. Code Regs., tit. 2, § 7294.0, subd. (b).)

80. DIAMOND breached its duty under Government Code, §12940, subdivision (n), by failing to engage in a timely, good faith, interactive process to determine effective reasonable accommodations for Plaintiff.

81. Plaintiff filed an administrative charge with the California Department of Fair Employment and Housing (DFEH) pursuant to Section 12960 of the Government Code on or about March 2012, substantially alleging the acts and conduct as herein above described. DFEH issued a "Right to Sue" notice on or about September 25, 2013. A true and correct copy of the DFEH right to sue letter is attached to this complaint as Exhibit 1.

82. As a result of these unlawful employment practices, Plaintiff was damaged in an amount subject to proof at trial.

## EIGHTH CAUSE OF ACTION

Against all defendants and DOES 1 through 100

(California Labor Code, § 1194 - Failure To Pay Wages For Overtime Hours Worked)

83. Plaintiff incorporates the allegations set forth in paragraphs 1 through 82 as if set forth in full herein.

84. California law requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over eight (8) in a day and over forty (40) in a workweek.

/ / / / / /

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

85. Between 2008 and October 2011, Plaintiff worked for DIAMOND as a non-exempt employee.

86. During Plaintiff's employment with DIAMOND, he routinely worked over eight (8) hours in a day and over forty (40) hours in a workweek.

87. In violation of its obligations under the California Labor Code, DIAMOND did not pay Plaintiff one and one-half times his regular rate of pay for all of his overtime hours worked.

88. Accordingly, DIAMOND's unlawful practices deprived Plaintiff of the wages he rightfully earned for all overtime hours worked, and Plaintiff seeks to recover the full amount of his unpaid wages, plus interest and attorney's fees pursuant to California Labor Code section 1194, subdivision (a).

## NINTH CAUSE OF ACTION

Against all defendants and DOES 1 through 100

(California Labor Code, § 203 - Failure To Pay Wages At Termination)

89. Plaintiff incorporates the allegations set forth in paragraphs 1 through 88 as if set forth in full herein.

90. If an employee is terminated, California law requires employers to pay employees the total earned and unpaid wages immediately at the time of termination. See Cal. Labor Code, § 201.

91. DIAMOND terminated Plaintiff's employment on or about October 10, 2011.

92. Despite owing Plaintiff unpaid wages (including unpaid overtime wages), DIAMOND failed to pay the total unpaid wages owed at the time of Plaintiff's termination, and have thus far failed to pay these wages. Additionally, DIAMOND improperly deducted the balance of an employee loan from the final paycheck, and thus failed to pay Plaintiff all of his wages earned during his final pay period at DIAMOND.

93. Accordingly, Plaintiff's wages continued at their daily rate for 30 days as a penalty pursuant to California Labor Code section 203. Plaintiff seeks to recover these waiting-time penalties in this action.

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

## TENTH CAUSE OF ACTION

Against all defendants and DOES 1 through 1000

(California Bus. & Prof. Code, § 17200 – Unfair Business Practices)

94.  Plaintiff incorporates the allegations set forth in paragraphs 1 through 93 as if set forth in full herein.

95.  As set forth above, DIAMOND engaged in unlawful business practices by, inter alia, failing to pay Plaintiff the overtime wages he earned as DIAMOND's employee, in violation of the California Labor Code.

96.  As a result, Plaintiff was deprived of his property right and interest in these wages that DIAMOND unlawfully failed to pay.

97.  Accordingly, pursuant to Business and Professions Code section 17200, Plaintiff has a right to recover as restitution all unpaid overtime wages he earned while working for DIAMOND.

98.  Accordingly, Plaintiff's wages continued at their daily rate for 30 days as a penalty pursuant to California Labor Code section 203.  Plaintiff seeks to recover these waiting-time penalties in this action.

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

/ / / / / /

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that his claims be tried before a jury and prays for relief as follows:

ON THE FIRST THROUGH SEVENTH CAUSES OF ACTION:

1. Compensatory damages including, but not limited to, back wages, front wages, pain and suffering, etc, in an amount subject to proof at trial but at least $500,000.

2. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii) in an amount subject to proof at trial but at least $500,000.

3. Attorneys' fees and costs as permitted by statute(s).

4. Interest on all damages at the maximum legal rate.

5. Statutory damages and penalties, where available.

6. Reinstatement and other appropriate injunctive relief.

ON THE EIGHTH, NINTH & TENTH CAUSES OF ACTION:

7. Unpaid wages, including overtime wages in an amount subject to proof at trial but at least $400,000.

8. Waiting-time penalties pursuant to Labor Code section 203.

9. Attorneys' fees and costs as permitted by statute(s).

10. Interest on all damages at the maximum legal rate.

DATED: October 8, 2013            Respectfully submitted,

LAW OFFICES OF BERNARD F. KING III, APC


By_____     /s/Bernard F. King III
                BERNARD F. KING III
                Attorney for Plaintiff Vincent Valletta
                bking@bernardkinglaw.com

LAW OFFICES OF
BERNARD F. KING III
4747 Executive Drive
Suite 700
San Diego, CA 92121
(858) 737-3046